UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20712-CR-UNGARO/SIMONTON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

NELSON E. COTE,

    Defendant.
_____/

### ORDER GRANTING MOTION FOR COMPETENCY DETERMINATION AND SETTING COMPETENCY HEARING

Presently pending before this Court is Defendant NELSON COTE's Motion for Competency Determination (DE # 25). The Honorable Ursula Ungaro, United States District Judge, has referred this matter to the undersigned Magistrate Judge (DE # 27). Thereafter, pursuant to the Order of this Court (DE # 29), the parties filed a joint proposed Order which grants the motion. A hearing was held on February 4, 2010, at which time the Motion was granted. This Order sets forth the oral rulings made at the hearing, and incorporates by reference the reasons stated on the record.

    I. **BACKGROUND**

Defendant Nelson Cote is charged in a thirteen-count Indictment with ten counts of bank robbery and three counts of carrying a firearm during the commission of a crime of violence (DE # 6). The alleged offenses occurred between January 2, 2008 and May 29, 2008. His initial appearance in Court on these charges was on November 18, 2009 (DE # 11).

## II. THE MOTION TO DETERMINE COMPETENCY

In the presently pending Motion to Determine Competency, defense counsel alleges that the Defendant was extradited from Colombia to face these charges during the third week of November 2009.  Prior to that time, he had been held in prison in Colombia for approximately ten months, where he had received medications to assist his mental health.  When counsel first met with the Defendant in the United States, counsel was able to communicate effectively with the Defendant.  Thereafter, counsel met with the Defendant and was advised that the Defendant had met with two mental health professionals at the Federal Detention Center, and that he was receiving medication to treat his mental health condition, but that the medication was different from what he had received in Colombia.  On or about December 31, 2009, counsel met with the Defendant, and the Defendant advised him that he was beginning to have difficulty reading, communicating and concentrating.  On January 13, 2010, counsel met again with the Defendant, at which time counsel noted a remarkable deterioration in the Defendant's ability to understand and comprehend.  Based upon this deterioration, counsel stated that he developed doubts regarding whether the Defendant is able to effectively participate in his defense, and therefore he requested an evaluation to determine the competence of the Defendant to stand trial.  Defense counsel also sought to impose certain limits on the questioning of the Defendant during the course of the evaluation.

Thereafter, the Court set a hearing on this Motion, and directed the parties to confer with respect to a proposed Order.  The parties agreed on a proposed Order, which did not contain any of the limitations contained in the Motion.

At the hearing, the Government advised the Court that it does not oppose the request for a mental evaluation of the Defendant for the purpose of determining his competence to stand trial.

III. **LEGAL ANALYSIS**

Title 18, United States Code, Section 4241(a), provides that the Court shall order a hearing regarding a defendant's competency to stand trial "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." The Court has the authority to order that a psychiatric or psychological examination be conducted, and that a report be filed with the court, prior to the date of such hearing. 18 U.S.C. § 4241(b). This examination, report, and hearing are to be conducted and prepared in accordance with the provisions of 18 U.S.C. § 4247. 18 U.S.C. §§ 4241(b), 4241(c).

Psychiatric and psychological examinations are governed by 18 U.S.C. § 4247(b), which provides in pertinent part:

> A psychiatric or psychological examination ordered pursuant to this chapter shall be conducted by a licensed or certified psychiatrist or psychologist, or, if the court finds it appropriate, by more than one such examiner. Each examiner shall be designated by the court. . . . For the purposes of an examination pursuant to an order under section 4241, 4244, or 4245, the court may commit te person to be examined for a reasonable period, but not to exceed thirty days . . . .

Pursuant to 18 U.S.C. § 4247(c), report of examination shall include:

(1) the person's history and present symptoms;
(2) a description of the psychiatric, psychological, and medical tests that were employed and their results;
(3) the examiner's findings; and

> **(4) the examiner's opinions as to diagnosis, prognosis, and–**
>> **(A) . . . whether the person is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.**

**Based upon the reasons stated in Defendant's motion and the hearing held on February 4, 2010, the undersigned Magistrate Judge finds that there is reasonable cause to believe the Defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.  Therefore, pursuant to 18 U .S .C . § 4241(a), it is hereby**

**ORDERED AND ADJUDGED** **that the Motion to Determine Competency (DE # 25) is GRANTED as follows:**

**1.  Within thirty days, the United States Attorney's Office shall have Mr. Cote, who is held in pretrial detention, evaluated by a qualified licensed or certified psychiatrist or psychologist to determine his competency to understand the proceedings in this Court, pursuant to 18 U.S.C. §§ 4241, 4247(b).  Unless impracticable, the psychiatric or psychological examination shall be conducted in the suitable facility closest to the Court.   The cost for this evaluation is to be borne by the Department of Justice.  See Guide to Judicial Policy & Procedure, vol. VII, chap. III, Part B, § 3.11(B) & Summary Chart  (Administrative Office of the United States Courts).**

2. On or before March 12, 2010, the examining psychologist or psychiatrist shall produce a report in accordance with 18 U.S.C. § 4247(c).

The report shall conform to the requirements of 18 U.S.C. § 4247(c), which requires that the report include:

> **(1) the person's history and present symptoms;**
> **(2) a description of the psychiatric, psychological, and medical tests that were employed and their results;**
> **(3) the examiner's findings; and**
> **(4) the examiner's opinions as to diagnosis, prognosis, and–**
> > **(A) . . . whether the person is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.**

**A copy of the Report shall be furnished to the Court, to counsel for the Defendant, and to the United States. Counsel for the Defendant shall ensure that a copy of that report is delivered to the chambers of the undersigned Magistrate Judge via facsimile to 305-523-5939.**

**3. A telephonic status conference is set for 3:00 p.m., Tuesday, March 16, 2010. Counsel for the Defendant shall place a call into the chambers of the undersigned Magistrate Judge (305-523-5930), with all parties on the line, to initiate this status conference. At that time, the parties will advise the Court whether they seek any additional examinations, the time necessary for the competency hearing, and whether the parties will rely on the report of the mental evaluation or call witnesses to testify.**

**4. A hearing to determine the Defendant's mental competency to stand trial is set for Wednesday, March 24, 2010 at 10 a.m., before United States**

Magistrate Judge Andrea M. Simonton, in the 8th Floor Courtroom, 301 N. Miami Ave. Miami, Florida.  Two hours have been set aside for this hearing.  It is further

**ORDERED** that the period of delay resulting from the examination of the Defendant and any subsequent judicial proceedings to determine the Defendant's competence shall be deemed excluded for Speedy Trial calculations, pursuant to 18 U.S.C. § 3161(h)(1)(A).

**DONE AND ORDERED** in chambers at Miami, Florida on February 4, 2010.

_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies furnished via CM/ECF to:**
The Honorable Ursula Ungaro,
   United States District Judge
All counsel of record