UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  08-20712-CR-UNGARO/SIMONTON

UNITED STATES OF AMERICA,

        Plaintiff,

v.

NELSON COTE,

        Defendant.

_____/

## ORDER FINDING DEFENDANT COMPETENT TO STAND TRIAL

This matter arose upon the Defendant's Motion for Competency Determination (DE # 25).  This matter was referred to the undersigned Magistrate Judge by the Honorable Ursula Ungaro, United States District Judge, to take all necessary and proper action (DE # 27).

Following a hearing on the motion, the undersigned found that there was reasonable cause to believe that the Defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense (DE # 31).  Therefore, the Motion was granted, and the Bureau of Prisons was ordered to conduct an evaluation pursuant to 18 U.S.C. §§ 4241 and 4247(b) (DE # 31).

The evaluation was completed, and a report of the forensic evaluation, which found the Defendant competent, was provided to the parties and the Court.  A telephonic status and scheduling conference was held on May 6, 2010 (DE # 35).  At that hearing, counsel for the Defendant stated that he concurred with the finding of competence at this time, and that he did not seek an additional evaluation.  The parties agreed that the

matter should be set for a final competency hearing with the Defendant present, and stipulated that the report of the forensic evaluation could be admitted as an exhibit and that there was no need for live testimony.

Based upon a review of the record as a whole, and for the reasons stated below, the undersigned finds that Defendant Nelson Cote is competent to stand trial.

## I.     BACKGROUND

Defendant Nelson Cote is charged in a thirteen-count Indictment with ten counts of bank robbery and three counts of carrying a firearm during the commission of a crime of violence (DE # 6).  The alleged offenses occurred between January 2, 2008 and May 29, 2008.  His initial appearance in Court on these charges was on November 18, 2009 (DE # 11).  He is represented by privately retained counsel.  At the competency hearing, the Government advised the Court that it was not proceeding on the three counts of carrying a firearm during the commission of a crime of violence since the terms of Mr. Cote's extradition from Colombia precluded a trial on those charges.

## II.     FRAMEWORK FOR ANALYSIS

Title 18, United States Code, Section 4241(a), provides that the Court shall order a hearing regarding a defendant's competency to stand trial "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  The Court has the authority to order that a psychiatric or psychological examination be conducted, and that a report be filed with the court, prior to the date of such hearing.  18 U.S.C. § 4241(b).  This examination, report, and hearing are to be conducted and prepared in accordance with the provisions of 18 U.S.C. § 4247.  18

U.S.C. §§ 4241(b), 4241(c).

Pursuant to 18 U.S.C. § 4247(c), the report of examination shall include:

> (1) the person's history and present symptoms;
> (2) a description of the psychiatric, psychological, and medical tests that were employed and their results;
> (3) the examiner's findings; and
> (4) the examiner's opinions as to diagnosis, prognosis, and–
>      (A) . . . whether the person is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Once there is an evaluation, the proceedings are governed by 18 U.S.C. § 4241(d), which provides that if, after a hearing, "the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General.... for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward."  Thus, the initial burden of persuasion is on the party asserting incompetence to establish by a preponderance of the evidence that the defendant is not competent.  *United States v. Izquierdo*, 448 F.3d 1269, 1276-77 (11th Cir. 2006).

The mere presence of a mental disease or defect does not necessarily mean that a defendant is not competent.  Rather, the court needs to evaluate the nature and extent of the defendant's impairment and determine its impact.  As stated in *United States v. Liberatore*, 856 F.Supp. 358, 360 (N.D. Ohio 1994),

> In itself, the mere presence of a mental disease or defect is not sufficient to render a defendant incompetent....the disease or defect must be of sufficient magnitude to compromise defendant's mental capacities to the point that he functions below the level established in *Dusky*. This inquiry is a difficult one because it does not follow a bright line rule that any diagnosis of mental disease or defect is enough to demonstrate legal incompetency. The diagnosis of existence must be coupled with evidence of degree, to wit significant impairment.

For example, in *United States v. Hogan*, 986 F.2d 1364, 1373 (11th Cir. 1993), the Eleventh Circuit Court of Appeals affirmed the district court's finding that minor defects in a defendant's cognitive abilities related to "Alzheimer changes" did not render him incapable of providing rational assistance to his attorney.  In doing so, the Court noted that even perfectly competent defendants often do not fully comprehend the intricacies of some of the theories offered by their lawyers, and stated, "all that is required is that [the defendant] had a rational as well as factual understanding of the proceedings against him and had sufficient present ability to consult with his attorney with a reasonable degree of rational understanding." *Id.  Accord Median v. Singletary*, 59 F.3d 1095, 1107 (11th Cir. 1995) (stating that neither low intelligence and mental deficiency, nor bizarre, volatile, and irrational behavior can be equated with mental incompetence to stand trial); *United States v. Housh*, 89 F.Supp.2d 1227 (D. Kan 2000) (stating head injury alone not enough to find incompetency and engaging in evaluation of severity of defendant's deficits to find defendant competent); *United States v. Davis*, 166 F.3d 1222 (10th Cir. 1999)(same); *United States v. Robinson*, 253 F.3d 1065, 1068 (8th Cir. 2001) (holding limited intellectual functioning not sufficient to find incompetence where the defendant was able to consult with his lawyer with a reasonable degree of rational understanding).

Finally, the undersigned notes that although medical professionals properly determine whether a defendant has a disorder or is malingering, competency is a legal

4

concept. "In the final analysis, the determination of competency is a legal conclusion; even if the experts' medical conclusions of impaired ability are credited, the judge must still independently decide if the particular defendant was legally capable of reasonable consultation with his attorney and able to rationally and factually comprehend the proceedings." *United States v. Makris*, 535 F.2d 899 (5th Cir. 1976).

### III.    THE COMPETENCY HEARING

At the competency hearing, the parties reaffirmed their position that this matter could be decided based on the written forensic evaluation prepared by forensic psychologist Jorge Luis, Psy. D., and that there was no need for live testimony or any further evaluation.

The report of this forensic evaluation of the Defendant was filed at the competency hearing, under seal, as Court's Exhibit 1. Psychologist Jorge Luis conducted his evaluation of the Defendant between March 19, 2010 and April 18, 2010, at the Federal Detention Center in Miami, Florida, where the Defendant is presently held in detention pending trial. The Defendant underwent approximately nine hours of psychological testing and procedures, which consisted of the following: Clinical Interviews, Mental Status Examination, Personality Assessment Inventory, Booklet Category Test–Second Edition, Minnesota Multiphasic Personality Inventory–Second Edition, Comprehensive Test of Nonverbal Intelligence–Second Edition, and Georgia Court Competency Test-Mississippi State Hospital.

In addition, Dr. Luis reviewed a copy of two competency evaluations which were performed on the Defendant in June 2008 when he was in state custody regarding these

same offenses.[1]  Specifically, Dr. Luis reviewed the evaluation conducted on June 19, 2008 by Danielle Mellin Ardity, Ph.D., which opined "that Mr. Cote was experiencing a major mental illness, specifically Psychotic Disorder NOS (Not Otherwise Specified), and that Mr. Cote was incompetent to proceed."  (Forensic Evaluation at 5).  Dr. Luis also reviewed the report of the evaluation conducted on June 30, 2008, by Nicole A. Friedman, Psy. D., who found that Mr. Cote was competent to proceed, although he "displayed residual signs of depression and assigned diagnoses of Depressive Disorder NOS; Anxiety Disorder NOS; Alcohol Abuse in Remission; and Benzodiazepine Abuse, provisional." (Forensic Evaluation at 6).

Dr. Luis also reviewed a copy of the Criminal Complaint, the Indictment, the Motion for Competency Determination, the Order Granting Motion for Competency Examination and Setting Competency Hearing, and Central, Medical and Psychological records from the Bureau of Prisons (Forensic Evaluation at 2).

Dr. Luis set forth in great detail the relevant personal history of Mr. Cote and the results and interpretation of the various tests administered to Mr. Cote.  The undersigned accepts those unchallenged findings and will not repeat them in great detail in this Order.  In sum, Dr. Luis found that Mr. Cote exhibited appropriate behavior, appearance and communication.  His mood, however, was dysphoric, displaying mild levels of anxiety and depression.  His thought processes were organized, rational, sequential and coherent; his memory functioning was intact and he demonstrated adequate attention and concentration skills.  Mr. Cote denied experiencing any hallucinations during clinical

---

[1]  Defense counsel confirmed that no competency determination was made in the state court proceedings since the charges were dismissed prior to any competency hearing.

interviews and did not appear to be responding or attending to internal stimuli.

Dr. Luis found that Mr. Cote's overall intellectual functioning fell in the Below Average range, as did the Geometric Scale IQ; although the Pictorial Scale IQ fell in the Average range.  There was no evidence of neurocognitive impairment.  On the two tests which measure personality and psychiatric characteristics, Mr. Cote appeared to be exaggerating the presentation of psychiatric symptomatology, and, therefore, those measures were considered invalid due to malingering.  However, that finding did not exclude the presence of legitimate psychiatric conditions, and Dr. Luis also diagnosed Mr. Cote as suffering from Anxiety Disorder, NOS.  In this regard, Dr. Luis recommended that Mr. Cote continue to receive his antidepressant medications (Forensic Evaluation at 10-12).  Dr. Luis opined that "Mr. Cote's mental state was stable and there was no evidence of an active phase of a serious mental illness" (Forensic Evaluation at 12).

Dr. Luis also specifically tested Mr. Cote's ability to understand the charges against him, his ability to assist defense counsel and his ability to understand courtroom proceedings.  The Forensic Evaluation sets forth details concerning the Defendant's understanding of the courtroom roles and proceedings, the charges against him, and the potential penalties.  Dr. Luis concluded, "Mr. Cote's degree of trial competency is satisfactory as there is no evidence of an active phase of mental illness.  Moreover, the defendant demonstrates an understanding of the charges against him, and can assist his attorney in his own defense.  Therefore, it is the examiner's opinion that he be found competent to stand trial."

At the competency hearing, counsel for the government and counsel for the defendant both stated that they had no reason to believe that the Defendant was not competent to stand trial.  Defense counsel stated that the medications given to the

Defendant had been modified since the time he had become concerned about the Defendant's competence, and that the Defendant presently was able to effectively communicate with counsel.  The court addressed the Defendant personally concerning the nature of the charges and the proceedings.  The Defendant acknowledged that he understood the nature of the proceedings and the charges.  He responded appropriately to questions, his demeanor was appropriate, and he appeared to have no difficulty comprehending the proceedings.

Based upon the diagnosis of Dr. Luis, as well as the defendant's history of psychiatric treatment, the undersigned Magistrate Judge finds that Mr. Cote suffers from the mental disease of Anxiety Disorder, NOS.  However, that disease is being appropriately treated, and does not interfere with his present competence to stand trial.  The undersigned specifically finds that the Defendant understands the nature and consequences of these proceedings, the nature of the charges against him, and is able to assist counsel in the preparation of his defense.

IV.     **CONCLUSION**

Therefore, based upon the uncontradicted psychological evaluation report, the comments of counsel, the testimony of the Defendant, and the observations of the Defendant by the undersigned Magistrate Judge, the Defendant is hereby found to be competent to stand trial.

**DONE AND ORDERED** in chambers in Miami, Florida, on May 13, 2010.

_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

8

**Copies furnished via CM/ECF to:**
**The Honorable Ursula Ungaro, United States District Judge**
**All counsel of record**